**Gjovalin MARKU, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–3464.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2003.

Before BOGGS and NORRIS, Circuit Judges; and BELL, Chief District Judge.[*]

*ORDER*

Gjovalin Marku, a native of Albania currently residing in Michigan, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge denying him relief in the form of asylum or withholding of deportation, pursuant to 8 U.S.C. §§ 1158 and 1253(h) (1995). The parties have waived oral argument, and this panel

[*] The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Marku entered the United States in 1995 without inspection, and concedes deportability on that basis. He applied for asylum (also construed as an application for withholding of deportation) on the ground that he was persecuted in Albania on the basis of his Catholic religion, and has a well-founded fear of further persecution if he returns. Specifically, Marku testified that he was a farmer who also acted as village administrator. After the fall of the Communist government, property that had formerly been owned by the state was redistributed, with the most productive land given to Muslims. When a new democratic party came into power, it determined to redistribute the land again on a more equal basis. Marku testified that because it was clear that this job would be unpopular and dangerous, he was picked on the basis of his religion to be in charge of the redistribution plan in his village. His attempts to redistribute the property formerly given to Muslims caused him to be subject to threats, including a note slipped under his door threatening to burn down his house, beatings about which no details were supplied, and an attempt on his life when the road was barricaded and Marku was shot at unsuccessfully by a masked assailant. Marku testified that he sought help from the police, but no one was charged with any crime arising out of these incidents. He also testified that he received notice to appear at the police station and give testimony, but was warned that he would be arrested, and therefore fled the country.

An immigration judge expressed skepticism about Marku's credibility and denied his applications for asylum or withholding, but granted him the relief of voluntary departure pursuant to 8 U.S.C. § 1254(e) (1995). On appeal to the BIA, Marku argued that the finding of lack of credibility was unsupported. The BIA concluded that, even assuming that Marku's testimony was credible, he was nevertheless not eligible for asylum, and dismissed the appeal. Marku's brief before this court reiterates the arguments presented below.

This court reviews a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because it would have decided the case differently. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The evidence in this case does not meet this standard.

In this case, Marku does not argue that the government of Albania was responsible for his persecution, other than because it assigned a dangerous mission to him, which he admitted he could have refused. Therefore, he was required to show that his persecution was by a group that the government was unable to control. *Sotelo–Aquije v. Slattery*, 17 F.3d 33, 37 (2d Cir.1994). Merely because the police were unable to identify his assailants did not show that the government was unable to control his persecutors. Marku also failed to show that his persecution was national in scope and could not be avoided by relocating to another part of the country. *Bhatt v. Reno*, 172 F.3d 978, 982 (7th Cir.1999). Nothing in the record shows that Marku could not have moved from his village and removed himself from the reach of those who sought to harm him. The link between the alleged persecution and Marku's religion was also tenuous, with the threats Marku received being more directly related to his attempts to redistribute property than to any religious

discrimination. Finally, Marku's fear of arrest by the government was not shown to be objectively reasonable, as he was acting on behalf of the government.

The evidence of record does not compel a conclusion that Marku was persecuted on the basis of his religion, or that he has a well-founded fear of persecution if he returns to Albania. Therefore, the decision to deny his application for asylum is supported by substantial evidence. Because Marku did not establish eligibility for asylum, he could not meet the more difficult standard required for withholding of deportation. *Kratchmarov v. Heston*, 172 F.3d 551, 555 (8th Cir.1999). For all of the above reasons, the petition for review is denied.

Before BOGGS and NORRIS, Circuit Judges; and BELL, Chief District Judge.*